*Douglas A Bersaw*
*58948945 - Pat*
*5824 0020*
*pat*

# THE STATE OF NEW HAMPSHIRE

Cheshire County

KEENE 8th Circuit District Court
Small Claims Division

Case Number

**PLAINTIFF**

Douglas Bersaw
139 Tully Brook Road
Richmond, New Hampshire 03447

v.

**DEFENDANT**

Northland Group Inc.
CEO Lance Black
7831 Glenroy Road – Suite 250
PO Box 390846
Edina, MN 55439-0846

## COMPLAINT FOR VIOLATIONS OF:
### The Federal Fair Credit Reporting Act and the New Hampshire Consumer Credit Reporting Act

### JURISDICTION
1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C § 1331 for violations of the FCRA.
2. This court has jurisdiction under RSA 359-B:18 for violations of the NH Consumer Credit Reporting law.

### PARTIES
1. The Plaintiff in this lawsuit is Douglas Bersaw, a natural person, who resides in Richmond in Cheshire County, New Hampshire.
2. The Defendant in this lawsuit is Northland Group Inc. (hereinafter "Northland") with offices at 7831 Glenroy Road – Suie 250 Edina, MN 55439-0846 and a mailing address at: P. O. Box 390846, Edina, MN 55439-9846.

### VENUE
1. The occurrences which give rise to this action occurred in Cheshire County, New Hampshire and the Plaintiff resides in Cheshire County, New Hampshire.

### LIMITATION OF ACTION

FCRA Statute of Limitations is :An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of—
(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
(2) 5 years after the date on which the violation that is the basis for such liability occurs.

Complaint for Violations of the FCRA



RECEIVED MAR 04 2014

<u>359-B:18 Statute of Limitations is</u> : An action to enforce any liability created under this chapter may be brought in any court of competent jurisdiction within 2 years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this chapter to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this chapter, the action may be brought at any time within 2 years after <u>discovery</u> by the individual of the misrepresentation.

<p align="center"><u>COMPLAINT</u></p>

**GENERAL ALLEGATIONS**

1. Plaintiff obtained his consumer credit reports from the Experian credit reporting agency on March 28, 2012 and found entries by entities that he was unfamiliar with in the report.
2. Plaintiff found after examination of his Experian consumer credit report that Defendant Northland had obtained Plaintiff's Experian consumer credit report on February 2, 2011, and again on February 20, 2011.

<p align="center"><u>COUNT I</u><br>
<u>VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681,</u><br>
<u>WILLFUL NON-COMPLIANCE BY DEFENDANT RGS FINANCIAL</u></p>

3. Paragraphs 1 and 2 are re-alleged as though fully set forth herein.
4. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).
5. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).
6. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).
7. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.
8. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.
9. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, Northland.
10. On February 2, 2011 and again on February 20, 2011 Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.
11. At no time did Plaintiff give his consent for Northland to acquire his consumer credit

report from any credit reporting agency.

12. The actions of Defendant obtaining the consumer credit report of the Plaintiff under false pretenses with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

13. At no time has Northland ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. Furthermore, plaintiff attests there was no account that the Defendant had any right to collect in order to have had a permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to statutory damages of $1000 per violation or $2000 total, under 15 U.S.C. §1681n- A (I) b for breach of said duty.

## COUNT 2
### VIOLATION OF THE N H CONSUMER CREDIT REPORTING ACT AND WILLFUL NON-COMPLIANCE BY DEFENDANT RGS FINANCIAL

1. Paragraphs 1 and 2 from Count 1 above are re-alleged as though fully set forth herein.
2. Plaintiff is a consumer within the meaning of RSA359:B-3 III.
3. Consumer credit report is a consumer report within the meaning of RSA359:B-3 IV.
4. §RSA 359:B-6 defines the permissible purposes for which a person may obtain a consumer credit report.
5. Such permissible purposes as defined by RSA359:B6 are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.
6. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant Northland.
7. On February 2, 2011 and again on February 20, 2011 Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of RSA 359:B4.
8. At no time did Plaintiff give his consent for Northland to acquire his consumer credit report from any credit reporting agency.
9. The actions of Defendant in fraudulently obtaining the consumer credit report of the

Plaintiff with no permissible purpose or Plaintiff's consent, AND failing under RSA359:B6 to notify said consumer in writing was a willful violation of RSA 359:B-4 and RSA 359:B6 and an egregious violation of Plaintiff's right to privacy.

10. At no time has Northland ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose under RSA 359:B-4 before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. Furthermore, plaintiff attests there was no account that the Defendant had any right to collect in order to have had a permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to statutory damages of $1000 per violation or $2000 total under RSA 369:B-16.

## PRAYER FOR JUDGMENT AND RELIEF

Plaintiff prays that a judgment be entered in favor of Plaintiff in the amount of $2,000 statutory damages for Count 1, such punitive damages as the court may allow under 15 U.S.C. §1681n.A (3) plus costs to be paid by the Defendant, and $2000 statutory damages for Count 2, such punitive damages as the court may allow under RSA 359B:16 II, plus costs to be paid by the Defendant.

## ATTESTATION

I hereby certify that the above facts are true and correct and that a copy of this complaint was mailed to the defendant via US mail on the same day that this complaint was filed at the court.

Subscribed and Sworn before me this 24 day of FEBRUARY, 2014

The State of New Hampshire, Cheshire County

ERIC C. SCHLIM, Notary Public
My Commission Expires March 7, 2017

Signature and Seal of Notary

Complaint for Violations of the FCRA

Signed by:

*[signature: Douglas Bersaw]*

Douglas Bersaw

Douglas Bersaw
139 Tully Brook Road
Richmond, NH 03470
Defendant, *in propria persona*.

8th Circuit – Keene District
33 Winter Street
Keene, NH 03431

Northland Group, INC
Lance Black CEO
7831 Glenroy Road Suite 250
Edina, MN 55439

UNITED STATES POSTAGE
02 1M
0008005619
MAILED FROM ZIP CODE 03431
$ 00.69⁰
FEB 26 2014
PITNEY BOWES

# The State of New Hampshire

THE STATE OF NEW HAMPSHIRE, Cheshire County
KEENE DISTRICT COURT
3 WASHINGTON STREET, P.O. BOX 364
KEENE, NEW HAMPSHIRE 03431
603-352-2559

Case Number 449-14-SC-12

## SMALL CLAIM COMPLAINT

Name: Douglas Bersaw
Street/No.: 139 Tully Brook Road
City/State: Richmond NH 03470 (Zip Code)

**PLAINTIFF**

The Plaintiff claims that the Defendant named below owes the Plaintiff $ 4,000.00 (Amount)
because (description of the claim): See Attached Complaint

Amount of Claim $ 4,000.00
Court Costs $ 80.00
Total $ 4080.00

Date: 2/24/14
Plaintiff's Signature: Douglas Bersaw

Name: Northland Group, Inc. / Lance Black CEO
Phone #: 800-1800-8191
Case Number: 449-14-SC-62
P.O. Address: 7831 Glenroy Road Suite 250
City/State: Edina, MN 55439 (Zip Code)

**DEFENDANT**

Residence Address if Different: _____

IF YOU ARE SUING A CORPORATION, YOU MUST LIST THE NAME AND ADDRESS OF THE CORPORATE OFFICER TO BE SERVED.

### INSTRUCTIONS TO THE DEFENDANT

If you do not believe you owe the claim, you should write to the clerk of court by the "RETURN DATE", 3-25-14 and ask for a hearing. A date for a hearing will then be set. You may use this form to ask the court for a hearing. Separate this portion of the form and send it to the court at the address shown at the top of this complaint. You will hear from the clerk when you are to come to court. For further instructions, see reverse side.

If you do not let the court know that you want a hearing, the court will rule in favor of the plaintiff and you will be ordered to pay this claim.

Date: 2-26-14

Clerk of Court

Note: Claims over $1,500 entitle the defendant to request a jury trial.

## NOTICE TO DEFENDANT

You have been sent a Small Claim Complaint which serves as notice that this action has been filed against you in the district court. You are required to file an answer with the court on or before the Return Date noted on the bottom of the complaint even if you believe that you owe the obligation in which case you should write to the court and confess judgment. If you contest the claim you can file an answer by signing and returning the appearance located on the lower back portion of the complaint. Failure to file a written response by the Return Date may result in default judgment being entered against you.

Please contact the clerk at the phone number noted at the top of the complaint if you have any questions.

***PLEASE NOTE***
The fee for transferring a small claim case to the Superior Court for jury trial is $145.00 effective July 1, 2013. If you wish to file a Counterclaim, there is an $80.00 fee on cases $5000.00 or less and a $135.00 fee on cases $5001.00 to $7500.00 effective July 1, 2013.