UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DOUGLAS BERSAW, | : |
| Plaintiff, | :  Civil Action No. 1:14-CV-00128-JL |
| v. | : |
| NORTHLAND GROUP, INC., | : |
| Defendant. | : |

## DISCOVERY PLAN
### Fed. R. Civ. P. 26(f)

**DATE/PLACE OF CONFERENCE:**

The parties conducted their Rule 26(f) conference over the phone and via email from May 6, 2014 through May 12, 2014.

**COUNSEL PRESENT/REPRESENTING**:

**For Plaintiff:** Douglas Bersaw, *pro se*
139 Tully Brook Road
Richmond, NH 03470
(603) 239-8827
thebersaws@ihmmedia.net

**For Defendant:** Daniel R. Sonneborn, NH Bar # 20947
Preti Flaherty Beliveau & Pachios, PLLP
Ten Post Office Square
5th Floor
Boston, MA 02109
(617) 226-3800
dsonneborn@preti.com

## CASE SUMMARY

**THEORY OF LIABILITY**:

Civil liability for willful non-compliance with the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and the New Hampshire Fair Credit Reporting Act, N.H. R.S.A 359-B, *et seq.*

.

**THEORY OF DEFENSE**:

The Defendant, Northland Group, Inc. ("Northland") denies violating New Hampshire or federal law in its communications and actions towards the Plaintiff.  The Defendant further states it was acting in good faith at all times in attempting to collect debts owed by the Plaintiff.

Defendant is a collection agency.  Two delinquent accounts in the name of Douglas Bersaw were assigned to Northland for collection.  According to the FCRA, a consumer report may be obtained by a person who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or *collection of an account of, the consumer*[.]" 15 U.S.C. § 1681b(a)(3)(A)   Therefore, obtaining a credit report by Northland in connection with the collection of an account is permissible under the FCRA. See *Miller v. Wolpoff & Abramson, LLP*, 309 F. App'x 40, 43 (7th Cir. 2009); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (holding that the FCRA authorizes use of credit reports in connection with collection of a delinquent account); and *Jacques v. Solomon & Solomon P.C.*, 2012 WL 3581172 at *5 (D. Del. Aug. 21, 2012).  *See also Norman v. Northland Group, Inc.*, 495 F. App'x (5th Cir. 2012). Northland had a permissible purpose for obtaining Mr. Bersaw's credit report and intends to seek its fees and costs in defending this lawsuit.

**DAMAGES**:

Discretionary and non-discretionary statutory damages as contained in 15 U.S.C. § 1681, *et seq.*, and N.H. R.S.A 359-B, *et seq.*

**DEMAND**: *July 1, 2014 [need not be filed with the court]*

**OFFER**: *August 1, 2014 [need not be filed with the court]*

**JURISDICTIONAL QUESTIONS**:

The parties agree that jurisdiction is proper before this court.

**QUESTIONS OF LAW**:

Whether Defendant complied with the Federal Fair Credit Report Act, 15 U.S.C. § 1681 *et seq.*, and whether Defendant complied the New Hampshire Fair Credit Reporting Act, N.H. Rev. Stat. Ann. § 359:B, *et seq.*, and whether Defendant's good faith negates any damages.

**TYPE OF TRIAL**:

Defendant properly requested a jury trial.

**DISCOVERY**

**TRACK ASSIGNMENT:**   [ ]   *EXPEDITED--6 MONTHS*
　　　　　　　　　　　　　[X]   *STANDARD--12 MONTHS*
　　　　　　　　　　　　　[ ]   *COMPLEX--24 MONTHS*

**DISCOVERY NEEDED:**
*Give brief description of subjects on which discovery will be needed.*

　　　Plaintiff intends to seek discovery related to Defendant's attempts to collect the alleged debts and other related matters such as the nature of the Defendant's business model and other standard business practices of the Defendant, etc.

　　　Defendant intends to seek discovery related to Plaintiff's delinquent accounts, claims and alleged damages.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

　　　The parties agree to mandatory disclosures as required by Fed. R. Civ. P. 26(a)(1).

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

　　　The parties agree to produce all electronically stored information, if any exists, in hard copy.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

　　　None at this time.

**COMPLETION OF DISCOVERY:**
*(1) Date all discovery complete*

　　　March 1, 2015

*(2) If there are issues for early discovery, date for completion of discovery on those issues*

　　　None.

**INTERROGATORIES:**   The parties agree to a limit of 25 interrogatories.

**REQUESTS FOR ADMISSION:**   The parties agree to a limit of 35 requests for admissions.

**DEPOSITIONS:**

　　　The Plaintiff wishes to limit each party to 10 depositions each. The Defendant wishes to limit each party to 5 depositions each.

Each deposition shall be limited to a maximum of 7 hours unless extended by agreement of the parties.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

**Plaintiff:** September 15, 2014         **Defendant:** October 15, 2014

Supplementations under Rule 26(e): November 15, 2014

*Advise the court whether the parties have stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).* N/A

**CHALLENGES TO EXPERT TESTIMONY:** *due date:* December 15, 2014

## OTHER ITEMS

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** If defendant(s) claim that unnamed parties are at fault on a state law claim (see *DeBenedetto v. CLD Consulting Engineers, Inc.*, 153 N.H. 793 (2006)), defendant(s) shall disclose the identity of every such party and the basis of the allegation of fault no later than August 15, 2014.  Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**JOINDER OF ADDITIONAL PARTIES:**
**Plaintiff:** September 15, 2014         **Defendant:** September 15, 2014

**THIRD-PARTY ACTIONS**: *due date*         September 15, 2014

**AMENDMENT OF PLEADINGS:**
**Plaintiff:** September 15, 2014         **Defendant**: September 15, 2014

**DISPOSITIVE MOTIONS**:
**To Dismiss:** September 15, 2014
**For Summary Judgment:** January 2, 2015

**SETTLEMENT POSSIBILITIES**: Cannot be evaluated prior to September 15, 2014 (date to amend pleadings)

**JOINT STATEMENT RE MEDIATION:**

The parties do not anticipate going through mediation at this time, but in connection with the settlement possibilities above, may change their position on this.

**WITNESSES AND EXHIBITS:**

*[NO DATES NECESSARY; DUE DATES--10 DAYS BEFORE FINAL PRETRIAL CONFERENCE BUT NOT LESS THAN 30 DAYS BEFORE TRIAL FOR LISTS (INCLUDED IN FINAL PRETRIAL STATEMENTS) AND 14 DAYS AFTER SERVICE OF FINAL PRETRIAL STATEMENT FOR OBJECTIONS--SET BY CLERK'S NOTICE OF TRIAL ASSIGNMENT.]*

**TRIAL ESTIMATE:**

The parties estimate that trial will last 2-3 days.

**TRIAL DATE:**

The parties agree to a trial date of May 5, 2015.

**PRELIMINARY PRETRIAL CONFERENCE:**

The parties do not request a preliminary pretrial conference with the court before entry of the scheduling order.

**OTHER MATTERS:**

None at this time, but Plaintiff may amend the complaint in order to bring other federal matters under FDCPA before the court prior to the deadline for amendment on September 15. Defendant does not waive any defenses afforded by the Federal Rules of Civil Procedure or otherwise by agreeing upon the date of September 15, 2014 to amend the Complaint. Defendant reserves the right to object to any amendment depending on the stage and timeliness of such request.

DATED: May 12, 2014

*[signature: Douglas Bersaw]*

Douglas Bersaw, *Plaintiff, pro se*
139 Tully Brook Road
Richmond, NH 03470
(603) 239-8827
thebersaws@ihmmedia.net
*Pro se Plaintiff*

/s/ Daniel R. Sonneborn
Kenneth E. Rubinstein, Esq., NH Bar # 14926
krubinstein@preti.com
Daniel R. Sonneborn, Esq., NH Bar # 20947
dsonneborn@preti.com
Preti Flaherty Beliveau & Pachios, PLLP
P.O. Box 1318
Concord, NH 03302-1318
(603) 410-1500
*Attorneys for Defendant, Northland Group, Inc.*

6678636.4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 12, 2014 I served the foregoing *Discovery Plan* by regular U.S. First Class Mail, postage prepaid, and email to the following:

Douglas Bersaw
139 Tully Brook Road
Richmond, New Hampshire 03470
thebersaws@ihmmedia.net
*Pro se*

                                                     */s/ Daniel R. Sonneborn*_____
                                                    Daniel R. Sonneborn, NH Bar # 20947