UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| DOUGLAS BERSAW | : | |
| Plaintiff, | : | |
| v. | : | No. 1:14-CV-00128-JL |
| NORTHLAND GROUP, INC. | : | |
| Defendant. | : | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, Northland Group, Inc. ("Northland"), by its attorneys, Preti, Flaherty, Beliveau & Pachios, PLLP, respectfully submits the within Memorandum of Law in support of its Motion for Summary Judgment.

**I.     INTRODUCTION**

As set forth below, there are no material disputes of fact and Northland is entitled to judgment as a matter of law.  Northland, a collection agency, was attempting to collect accounts in the name of Plaintiff, Douglas Bersaw.  As such, Northland had a statutorily defined and recognized "permissible purpose," pursuant to the Fair Credit Reporting Act, to obtain Plaintiff's credit bureau reports.  Said permissible purpose is a complete defense to Count I of Plaintiff's Complaint.

The claim set forth in Count II of Plaintiff's claim under the New Hampshire Fair Credit Reporting Act is similarly flawed.  Northland had a statutorily defined and recognized "permissible purpose" to obtain credit bureau reports in conjunction with its attempts to collect on Plaintiff's accounts.  Further, Plaintiff's claim in Count II is time-barred.

1

## II. PROCEDURAL BACKGROUND

Plaintiff commenced this action by filing a Complaint in the 8th Circuit District Court, Small Claims Division, Cheshire County, State of New Hampshire. Defendant subsequently removed the action to this Court.

Plaintiff's Complaint sets forth two Counts predicated upon Northland Group, Inc. obtaining Plaintiff's credit bureau report on February 2, 2011 and February 20, 2011. Count I is premised upon an alleged violation of the Fair Credit Reporting Act ("FCRA"), *15 U.S.C. § 1681*, with Plaintiff alleging that Northland did not have a "permissible purpose" to obtain the credit reports. Count II is premised upon an alleged violation of the New Hampshire Consumer Credit Reporting Act ("NHFCRA"), with Plaintiff alleging violations of *RSA 359-B:4* (no permissible purpose) and *RSA 359-B:6* (no written notification to Plaintiff).

Defendant Northland filed an Answer to the Complaint and, after unsuccessfully engaging in discussions to resolve this matter, brings a motion for summary judgment seeking dismissal as to both of Plaintiff's purported claims.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

Northland Group, Inc. is a debt collection agency. Affidavit of Greg Gruett, ¶ 2, attached hereto as Exhibit A. On January 31, 2011, an account in the name of Douglas A. Bersaw was placed with Northland for collection purposes by one of Northland's clients. ("Account No. 1"). Exh. A at ¶ 5. With respect to Account 1, on or about February 2, 2011, Northland obtained an abbreviated credit bureau report relating to Plaintiff for use in its efforts to collect said account. Exh. A at ¶ 6. On February 18, 2011, another account in the name of Douglas A. Bersaw was placed with Northland for collection purposes by one of Northland's clients. ("Account No. 2"). Exh. A at ¶ 7. With respect to Account 2, on or about February 20, 2011, Northland obtained an

abbreviated credit bureau report relating to Plaintiff for use in its efforts to collect said account. Exh. A at ¶ 8.

Plaintiff, at the latest, learned that Northland had obtained his credit bureau reports no later than March 28, 2012. Plaintiff's Complaint, p. 2, ¶ 1, attached hereto as Exhibit B. The credit bureau reports obtained by Northland and relating to Plaintiff were not "investigative consumer reports" as they did not contain information that was obtained through personal interviews with Plaintiff's neighbors, friends or associates relating to Plaintiff's character, general reputation, personal characteristics, or mode of living. Exh. A, at ¶ 10.

### IV.  STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(a)*. A dispute is "genuine" if it could reasonably be resolved in either party's favor at trial. *See Estrada v. Rhode Island, 594 F.3d 56, 62 (1st Cir. 2010)* (citing *Meuser v. Fed.Express Corp., 564 F.3d 507, 515 (1st Cir. 2009))*. A fact is "material" if it could sway the outcome under applicable law. *Id.* (citing *Vineberg v. Bissonnette, 548 F.3d 50, 56 (1st Cir. 2008))*. In analyzing a summary judgment motion, the court "views all facts and draws all reasonable inferences in the light most favorable to the non-moving party." *Id*. However, "[u]nsupported allegations and speculation do not demonstrate . . . a genuine issue of material fact sufficient to defeat summary judgment. Rather, [t]o defeat a motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial." *Rowe v. Liberty Mutual Group, Inc.*, 2013 DNH 168, *32 (December 6, 2013) (internal citations and quotations omitted).

As the moving party, Northland bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once Northland meets its burden, Plaintiff then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Co.*, 475 U.S. 574, 586-87 (1986).  In this regard, a "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Plaintiff must go beyond the allegations of his complaint to avoid summary judgment.  Federal Rule of Civil Procedure 56(e) "requires the nonmoving party to go beyond the pleadings" and produce admissible evidence of a genuine issue for trial.  *Celotex Corp.*, 477 U.S. at 324.

V.     ARGUMENT

   **A. Plaintiff's FCRA Claim Must be Dismissed because Northland had a Permissible Purpose to Obtain Plaintiff's Credit Report**

Plaintiff's accounts were placed with Northland for collection purposes.  In relation thereto and in furtherance of its efforts to collect the accounts in Plaintiff's name, Northland obtained abbreviated credit bureau reports relating to Plaintiff.  According to the FCRA, a collection agency has a permissible purpose to obtain a debtor's credit report if it is engaged in "review or collection of an account."  Accordingly, Northland had a permissible purpose in obtaining Plaintiff's credit bureau reports.  Therefore, summary judgment is appropriate as to Count I of Plaintiff's Complaint.

   1. <u>Northland had a permissible purpose to obtain Plaintiff's credit bureau reports</u>.

The FCRA sets forth to whom a consumer reporting agency may furnish a consumer report.  *See 15 U.S.C. 1681b*.  Further, Section 1681b(a) expressly provides the circumstances

under which "any consumer reporting agency may furnish a consumer report." In relevant part, these circumstances include furnishing a report to a person whom the consumer reporting agency has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of, the consumer**. 15 U.S.C. 1681b(a)(3)(A) (emphasis added).

A collection agency is, therefore, permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a debt. See *Norman v. Northland Group, Inc.*, 495 Fed. Appx. 425, 2012 WL 5195965 (5th Cir.). See also, *Boston v. Leading Edge Recovery Solutions, LLC*, 2012 WL 6018178)(W.D.N.C.) (citing *Korotki v. Attorney Servs. Corp. Inc.*, 931 F.Supp. 1269, 1276 (D. Md. 1996); *Hinkle v. CBE Group*, 2012 WL 681468 (S.D.Ga.); *Chavez v. Premier Bankcard, LLC*, 2011 WL 5417107 (E.D. Cal.); *Pyle v. First National Collection Bureau*, 2012 WL 1413970 (E.D.Cal.). "Indeed, even where defendants have made a good faith mistake in pulling a consumer report, there is no FCRA violation.[1]" *Boston v. Leading Edge Recovery Solutions, LLC*, 2012 WL 6018178 at *2 (W.D.N.C.)(citing *Beckstrom v. Direct merchant's Credit Card Bank*, 2005 WL 1869107 (D. Minn. 2005); *Shah v. Cellecto, Inc*. 2005 WL 2216242 ("fact that debt was not owed in this case….immaterial."). *See also, Pyle v. First Nat'l Collection Bureau*, 2012 WL 5464357, p. 4 (E.D. Cal. 2012); *DeMaestri v. Asset Acceptance Capital Corp.*, 2012 WL 1229907 (D. Colo. Mar. 14, 2012); *Huertas v. Galaxy Asset Mgmt.*, 64 F.3d 28, 34 (3d Cir. 2011); *Rodriguez v. Cavalry Portfolio Servs, LLC*, 2012 WL 726474 at *1(S.D. Cal. Mar. 6, 2012); *Miller v. Rubin & Rothman, LLC*, 2011 WL 4359977. At

---

[1] Also, Plaintiff need not have had direct contact with Defendant in order for Defendant to lawfully obtain a copy of a consumer report. *Hinkle*, 2012 WL 681468. The collection agency only needs "*reason to believe*" that a debt was owed. See *Korotki*, 931 F.Supp. at 1277-1278. (noting that an agent hired by creditor is entitled to obtain credit report).

*3-*4 (D. Minn. Sept. 19, 2011); *Miller v. Wolpoff & Abramson, LLP*, 2007 WL 2694607, at *11 (N.D. Ind. Sept. 7, 2007) aff'd 309 F.App'x 40 (7th Cir. 2009) and *Thomas v. U.S. Bank, N.A.*, 325 F.App'x 592, 593 (9th Cir. 2009); and *Norman v. Northland Group, Inc.*, 495 Fed. Appx. 425, 2012 WL 5195965 at *2 (5th Cir. 2012) (account placed with Northland, credit report inquiry was for permissible purpose of collection of an account).

A showing of a permissible purpose is a complete defense. *Perretta v. Capital Acquisitions & Management Co.*, 2003 WL 21383757 at *5 (N.D.Cal.).(citing *Edge*, 64 F.Supp.2d at 117 and *Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir. 1978)

Accounts in Plaintiff's name were placed with Northland for collection purposes. In connection with its efforts to collect said accounts, Northland obtained Plaintiff's credit bureau reports. Having done so for collection purposes, Northland had a permissible purpose to obtain those reports and did not violate the FCRA. Accordingly, summary judgment is appropriate as a matter of law.

  2. <u>Northland did not act willfully or negligently.</u>

Civil liability for improper use and dissemination of credit information may be imposed only upon persons who act willfully or negligently to violate the FCRA. See e.g. *Rush v. Macy's New York, Inc.* 775 F.2d 1554, 1557 (11th Cir. 1985) (citing 15 U.S.C. §§ 1681n and 1681o). See also *Braun v. United Recovery Systems, LP*, F.Supp.2d , 2014 WL 161300 (S.D.N.Y), citing *Neclerio v. Trans Union, LLC*, F.Supp.2d, 2013 WL 6052067, at *5 (D. Conn. Nov. 15, 2013). To state a claim for willful or negligent acquisition of a credit report under the FCRA, a plaintiff must allege facts showing each of the following:

  there was a consumer report;

  the defendant used or obtained it;

>  the defendant did so without a permissible statutory purpose; and
>
>  the defendant acted with the specified culpable mental state.

Id. at *5 citing *Perez v. Portfolio Recovery Assocs., LLC*, 2012 WL 537448, at *2 (D.P.R.); *Farkash v. RJM Acquisitions Funding, Inc.*, 2012 WL 1948643, at *2 (S.D.N.Y. May 29, 2012); *Perl v. Plains Commerce Bank*, 2012 WL 760401, at *2 (S.D.N.Y. Mar. 8, 2012; *Perl v. American Express*, 2012 WL 178333, at *2 (S.D.N.Y. Jan. 19, 2012); *Petrafesa v. First Am. Real Estate Info. Servs., Inc.,* 2007 WL 719197, at *3 (N.D.N.Y, Mar. 6, 2007).

As noted above, "even where defendants have made a good faith mistake in pulling a consumer report, there is no FCRA violation."  *Boston v. Leading Edge Recovery Solutions, LLC*, 2012 WL 6018178 at *2 (W.D.N.C.)(citing *Beckstrom v. Direct merchant's Credit Card Bank*, 2005 WL 1869107 (D. Minn. 2005); *Shah v. Cellecto, Inc*. 2005 WL 2216242 ("fact that debt was not owed in this case….immaterial.").

Plaintiff has no evidence that Northland negligently or willfully violated the FCRA. Accordingly, Northland is also entitled to summary judgment on Count I of Plaintiff's Complaint on this basis.

### B. Plaintiff's Claim Under the New Hampshire Fair Credit Reporting Act must also be Dismissed because it is Time Barred

Plaintiff has also asserted a claim under the New Hampshire Fair Credit Reporting Act ("NHFCRA"), *RSA 359-B:1*, et seq.  This claim is also based upon Northland obtaining Plaintiff's credit bureau reports.  With respect to the NHFCRA, Plaintiff alleges that Northland obtained plaintiff's consumer credit report with no permissible purpose (*RSA 359-B:4*) and failed to notify him in writing (*RSA 359-B:6*).

Plaintiff's claim in this regard, however, is similarly flawed to Count I and subject to summary judgment.  One, Northland had a permissible purpose to obtain Plaintiff's credit bureau

7

reports. Two, Northland had no obligation to provide Plaintiff with written notice that it was obtaining the reports because the reports were not "consumer investigative reports" as defined in the NHFCRA. Finally, Plaintiff's claim under the NHFCRA is time-barred.

1. <u>Northland had a permissible purpose.</u>

A consumer reporting agency may furnish a consumer report only under the circumstances enumerated in the NHFCRA. See *RSA 359-B:4*. The "permissible purposes" include, supplying the report to "a person which it has reason to believe":

> intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer

*RSA 259-B:4, I(c)(1)*

As noted above, Northland obtained Plaintiff's credit bureau reports for the purpose of collecting accounts in Plaintiff's name. Accordingly, Northland had a permissible purpose for obtaining said reports and summary judgment is appropriate.

2. <u>Northland did not act willfully or negligently.</u>

According to the NHFCRA, a user of information obtained from the credit reporting agency may be liable civilly for *negligent or willful* failure to comply with the NHFCRA. See *RSA 359-B:17* and *RSA 359-B:16*, respectively. Plaintiff has not and cannot demonstrate that Northland violated the NHFCRA and certainly has no evidence that Northland acted negligently or willfully. Two accounts in Plaintiff's name were placed with Northland for collection. Northland, pursuant to its normal routine and process, obtained Plaintiff's credit bureau reports as part of its effort to collect Plaintiff's accounts. There is no evidence that Northland violated the NHFCRA or that it acted negligently or willfully to violate the NHFCRA. Accordingly, Plaintiff is not

entitled to judgment as a matter of law and this is another basis for dismissing Plaintiff's NHFRCA claim.

### 3. Northland had no duty to provide written notification.

According to the NHFCRA, a person cannot procure an "investigative consumer report" on a consumer unless:

(a) It is clearly and accurately disclosed to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure:
  (1) is made in a writing mailed, or otherwise delivered, to the consumer, not later than 3 days after the date on which the report was first requested, and
  (2) includes a statement informing the consumer of this right to request the additional disclosures provided for under paragraph II, or
(b) The report is to be used for employment purposes for which the consumer has not specifically applied.

*RSA 359-B:6, I.* In this regard and importantly, an "investigative consumer report" means

> a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living ***is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information***. However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer.

*RSA 359-B:3, V* (emphasis supplied).

Northland did not violate *RSA 359-B:6*. In fact, this statutory provision has no relevance to this proceeding. The notification requirements of Section B:6 apply only to "investigative consumer reports" and simply do not encompass the type of reports that Northland obtained. Those reports were not obtained through personal interviews with Plaintiff's neighbors, friends, or relatives, nor do they relate to Plaintiff's character, general reputation, personal characteristics, or mode of living. As such, RSA

9

359-B:6 is simply not applicable to this matter and summary judgment is warranted as a matter of law.

### 4. Plaintiff's NHFCRA claim is time-barred.

Finally, except where a defendant has materially and willfully misrepresented any information required under this chapter to be disclosed to an individual under this chapter, an action to enforce liability created under the NHFCRA must be brought within 2 years from the date on which the liability arises.  *RSA 359-B:18*.  As noted above, Northland had no duty to provide any written notification or disclosure to Plaintiff.  As such, the relevant statute of limitations for Plaintiff's NHFCRA claim is two years from the date on which liability arose, or when Northland obtained Plaintiff's credit bureau reports.

Here, the reports were obtained on February 2, 2011 and February 20, 2011. Plaintiff's claim, then, had to be commenced on or before February 20, 2013, at the latest.  Plaintiff commenced this lawsuit by filing this lawsuit on or about February 26, 2014.  More than one year after the requisite commencement date.  Accordingly, Plaintiff's NHFCRA claim is time-barred as a matter of law.  Accordingly, Northland is entitled to summary judgment on Count II as set forth in Plaintiff's Complaint.

## VI.   CONCLUSION

Defendant Northland Group, Inc. respectfully asks that this Court enter judgment dismissing Plaintiff's Complaint and this action in its entirety pursuant to Rule 56 of the Federal Rules of Civil Procedure.

10

        Respectfully submitted,

        PRETI, FLAHERTY, BELIVEAU & PACHIOS, PLLP

Date: October 21, 2014        /s/ *Kenneth E. Rubinstein*
        Kenneth E. Rubinstein, NH Bar #14926
        krubinstein@preti.com
        Daniel R. Sonneborn, NH Bar #20947
        dsonneborn@preti.com
        P.O. Box 1318
        Concord, NH 03302-1318
        Phone: (603) 410-1500

        ATTORNEYS FOR NORTHLAND GROUP, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 21, 2014 I served the foregoing DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT to Plaintiff by regular U.S. First Class Mail, postage prepaid, and email to the following:

Douglas Bersaw
139 Tully Brook Road
Richmond, New Hampshire 03470
thebersaws@ihmmedia.net
*Pro se*


                                       */s/ Kenneth E. Rubinstein*
                                       Kenneth E. Rubinstein, NH Bar # 14926