UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Douglas Bersaw                                                Hon. Joseph N. Laplante
Plaintiff

v.

Civil Case No. 14-cv-128-JL

Northland Group Inc.
Defendant

**PLAINTIFF'S OBJECTIONS TO DEFENDANT NORTHLAND'S**
**MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, Douglas Bersaw *pro se,* to object to the Motion for Summary Judgment submitted by the Defendant on October 21, 2014.

This case turns upon the question of whether or not the Defendant Northland had a "permissible purpose" to access the private credit report of the Plaintiff under *15 U.S.C.§ 1681*. Defendant is attempting to short-circuit proper resolution of this case via the summary judgment procedure which is premature and should not be allowed by this court for the following reasons:

1.      GENUINE AND MATERIAL FACTS IN DISPUTE: One fact that is not in dispute is that Northland admits to twice obtaining the Plaintiff's credit report. The other facts surrounding those credit pulls <u>are</u> in dispute contrary to the Defendant's claim. Specifically, there is no proof of the existence of any "account" of the Plaintiff upon which the Defendant had any right to collect and furthermore, the Plaintiff disputes Defendant's unproven and mere conclusory claims that a) there

was such an account(s) and b) if there were any account(s) that Defendant had any legal right to collect upon them. Defendant has offered no proof of either fact other than an unsubstantiated "affidavit" of Mr. Gruett that references no such accounts other than in vague terms such as account 1 and account 2. The existence of such accounts, and the legal right to collect upon any such accounts is very much disputed. Since these facts are disputed and are material, Summary Judgment is inappropriate.

2. DISCOVERY INCOMPLETE: Under this Court's order the time allotted for Discovery has not passed and Defendant has yet to provide answers to Plaintiff's request for production of documents. Said request was served upon the Defendant on October 6th 2014. Since, it is the Plaintiff's contention that the production of these documents will prove that no such permissible purpose existed nor was such a permissible purpose certified to Experian by the Defendant, the lack of completion of the Discovery process precludes summary judgment as an option for the Court or the Defendant at this point in time. If satisfactory production of the requested documents is not completed in a timely fashion by the Defendant, then, Plaintiff will move to Compel as such production is essential to proving the Plaintiff's allegations.

## ARGUMENT

The following quote is taken word for word from the Defendant's motion:

"Northland had a permissible purpose to obtain Plaintiff's credit bureau reports. The FCRA sets forth to whom a consumer reporting agency may furnish a consumer report. *See 15 U.S.C. 1681b*. Further, Section 1681b(a) expressly provides the circumstances under which "any consumer reporting agency may furnish a consumer report." In relevant part, these circumstances include furnishing a report to a person whom the consumer reporting agency has reason to believe

"intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer*. 15 U.S.C. 1681b(a)(3)(A) (emphasis added).

A collection agency is, therefore, permitted to obtain a consumer report if the agency is doing so for the purposes of collecting a debt…."

Notice that counsel subtly alters the statutory language posted above in bold letters when he makes the conclusion in the second paragraph that the "collection agency" (which he purports Northland to be) may obtain a credit report for the purposes of "collecting a debt". That is not the plain language of the Statute. The bold phrase states: **collection of an account of**, and NOT collection of a <u>debt</u> of, the consumer.

In addition, the use of the conjunction OR prior to the word review means that the second phrase following the word or is an additional reason why a report may be issued by the CRA to a user such as Northland, but only IF the user's purpose, in relation to the consumer reported upon, is CERTIFIED to the CRA. Notice that the phrase preceding the word OR (intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to) could not possibly apply to Northland since they offered no issuance of credit to the Plaintiff and had no transactions of any sort with the Plaintiff. Nor does EITHER phrase (before or after the word OR) refer to the purported attempt by Northland to collect any real or imagined debt of the Plaintiff. Neither phrase could possibly be interpreted by Northland as offering them a "permissible purpose" to obtain a consumer's credit report.

Furthermore, the quote above from 15USC 1681b is referring ONLY to the reasons why the Credit Reporting Agency (CRA) may <u>furnish</u> a report and it does NOT refer to the user (Northland) of such a report. Users are required to CERTIFY to the CRA that they have a permissible purpose for the report that they are requesting. USC 15 §1681e defines the procedures for certification. "These procedures

shall require that prospective users of the information identify themselves, <u>certify</u> the purposes for which the information is sought, and <u>certify</u> that the information will be used for no other purpose." 15 U.S.C. § 1681e(a).

Plaintiff contends that Northland did not, indeed could not, have CERTIFIED to Experian that it would use the credit report of the Plaintiff for a "permissible purpose" since the Plaintiff has sworn and will testify in court personally, that there exists no statutorily defined account upon which the Defendant could collect. In addition, Northland should have known, since it is .in the debt collection business, that they in fact had no legal reason for obtaining Plaintiff's credit report, therefore, their conduct was willful.

Under 15USC 1681a, Definitions and Rules of Construction the Statute states: (a) Definitions and rules of construction set forth in <u>this</u> section are applicable for the purposes of <u>this</u> subchapter. And further down under the definitions section at 15USC 1681a ( r )(4) it defines the term "account as follows: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title. Here is the definition of "account" from 1693a:(2) "the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or incidental credit balance in an open end credit plan as defined in section [1602](i) [1] of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;…"

Plaintiff has never had any such account that Defendant would have permissible purpose to obtain Plaintiff's private information from any CRA.

Plaintiff's Objection to MSJ

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on the defendant's counsel of record listed below via email and U.S. Mail on this the 24th day of October 2014.


/s/ Douglas Bersaw


Plaintiff *pro-se*
139 Tully Brook Road
Richmond, NH 03470
603-239-8827
thebersaws@ihmmedia.net

Kenneth E. Rubinstein, NH Bar #14926
krubinstein@preti.com
Daniel R. Sonneborn, NH Bar #20947
dsonneborn@preti.com
P.O. Box 1318
Concord, NH 03302-1318